IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV283-MU-1

| | | |
|---|---|---|
| TOMMY CARVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BOYD BENNETT, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the Court for an initial review of a Complaint pursuant to 42 U.S.C. §1983, filed July 23, 2009.

In his Complaint Plaintiff alleges that on or about November 17, 2004, he suffered an injury to both of his shoulders. Plaintiff sets forth numerous allegations detailing his dissatisfaction with the medical care he has received since he was injured. Plaintiff asserts that he is still in significant pain. Plaintiff names as Defendants Boyd Bennet, the Director of Prisons; David Mitchell, the Superintendent of Mountain View Correctional Facility ("Mountain View"); the Utilization Review Board; Dr. Campbell, an orthopedist; and Dr. Uhren, the unit physician at Mountain View.

As an initial matter, Plaintiff fails to set forth a claim against Defendants Bennett and Mitchell. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington

Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by either of these defendants. Rather, Plaintiff bases their liability on their respective professional positions. See e.g., See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)("It would be an unprecedented extension of the theory of supervisory liability" to charge a prison warden with ensuring the prison's medical staff "employ proper medical procedures"). Consequently, Plaintiff fails to state a claim against Defendants Bennett and Mitchell.

Moreover, Plaintiff fails to set forth a constitutional claim against any defendant. To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986).

A review of the Complaint reveals that, at most, Plaintiff's Complaint states a claim of medical malpractice, not a claim under §1983. That is, Plaintiff admits in his Complaint that since his injury he has been examined by several medical doctors and specialists on numerous occasions. In addition, Plaintiff has received a cortisone shot; physical therapy; various pain medications; and had multiple x-rays and at least two MRIs. Indeed, on June 30, 2006, Plaintiff had surgery for his injury.

Based upon the facts submitted by Plaintiff himself, this Court concludes that, at the very most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Daniels v. Williams, 474 U.S. 327 (1986)(inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

Signed: August 3, 2009

Graham C. Mullen
United States District Judge